IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | | |
|---|---|---|
| CITYVIEW AT RIVERWALK, LLC and<br>FOCUS DEVELOPMENT, INC., | )<br>)<br>) | |
| Plaintiffs, | )<br>) | No.: 3:11-CV-50 |
| v. | )<br>) | |
| KNOXVILLE'S COMMUNITY<br>DEVELOPMENT CORPORATION and<br>THE CITY OF KNOXVILLE, TENNESSEE | )<br>)<br>)<br>) | |
| Defendants. | ) | |

**OPPOSITION TO PLAINTIFFS' CONDITIONAL REQUEST TO BE HEARD ON THEIR RESPONSE TO DEFENDANTS' MOTION TO DISMISS**

Come now the Defendants, Knoxville's Community Development Corporation and the City of Knoxville, Tennessee (collectively the "Defendants"), and oppose the Plaintiffs' Conditional Request to be Heard on their Response to Defendants' Motion to Dismiss for two reasons.

First, the Plaintiffs' concern for "an expedited adjudication" of Defendants' motion is contradicted by Plaintiffs' effort to schedule a future date for hearing that motion on the Court's busy calendar. The Defendants' Partial Motion to Dismiss is based upon Fed. R. Civ. P. 12, which looks only to the face of the Complaint and whether it states a claim as a matter of law. A protracted hearing on such a motion is inherently superfluous: the language of the Complaint is as stated therein and the Court is able to evaluate the straightforward legal issued raised in the Partial Motion to Dismiss without oral assistance from the parties.

Plaintiffs' request for oral argument may be related to the nature of their opposition to partial dismissal. In their Response in Opposition, the Plaintiffs attempted to re-characterize the

allegations of the Complaint over an eleven-page recitation of facts without direct quotations and divert the Court's attention away from the four corners of the pleading. By seeking a hearing, the Plaintiffs attempt a second opportunity to explain away the clear language of the Complaint. Ultimately, this hearing would delay, rather than expedite.

Second, all parties seek attorneys' fees related to the Partial Motion to Dismiss and permitting a hearing would unnecessarily increase these costs.[1] As of this filing, the attorneys' fees incurred in bringing and defending the Defendants' Partial Motion to Dismiss have already been incurred. Permitting a hearing based upon a Rule 12 motion would substantially increase these costs and result in inefficiency. Defendants believe they are entitled to an award of costs and fees in this instance, but also feel obligated to limit such expenses to only those that are necessary and proper. The costs associated with a hearing on the issue of partial dismissal does not appear to necessarily meet those requirements.

Respectfully submitted,

By: /s/ Andrew L. Colocotronis
Andrew L. Colocotronis, #17052
W. Edward Shipe, BPR #023887
**WAGNER, MYERS AND SANGER, PC**
1801 First Tennessee Plaza
800 S. Gay Street
Knoxville, Tennessee 37929
865.525.4600 (Telephone)
865.291.0219 (Facsimile)
acolocotronis@wmspc.com

*Counsel for Defendants*
Knoxville Community Development Corporation
and The City of Knoxville, Tennessee

---

[1] The Defendants seek their attorneys' fee in the Partial Motion to Dismiss based upon Article 5 of the UCC (as adopted in the Tennessee Code) which awards attorneys' fees to the successful party when an action is brought pursuant to that article. The Plaintiffs seek attorneys' fees in opposing the Partial Motion to Dismiss, not under Fed. R. Civ. P. 11 (which requires a safe-harbor notice that has not been given by the Plaintiffs), but based upon the "inherent equitable power" of the Court for "bad faith" or "frivolous" conduct.

## CERTIFICATE OF SERVICE

      I hereby certify that on May 4, 2011, a copy of the foregoing was filed electronically. Notice of filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access the filing through the Court's electronic filing system.

                                            /s/ Andrew L. Colocotronis
                                            Andrew L. Colocotronis