IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| CITYVIEW AT RIVERWALK, LLC and<br>FOCUS DEVELOPMENT, INC. | )<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| v. | )<br>) | No. 3:11-CV-050 |
| KNOXVILLE COMMUNITY<br>DEVELOPMENT CORPORATION and<br>THE CITY OF KNOXVILLE, TENNESSEE, | )<br>)<br>)<br>) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Four motions are currently before the court: defendants' partial motion for dismissal and for attorney fees [doc. 14]; plaintiffs' motion for attorney fees [doc. 18]; plaintiffs' motion for a hearing [doc. 19]; and defendants' motion for extension of time to file a response [doc. 22]. The motions have been fully briefed [docs. 15, 17, 20, 23-27] and are ripe for the court's consideration.

Because the court finds that oral argument is unnecessary, plaintiffs' motion for a hearing will be denied. Defendants' motion for extension of time will be granted for the reasons provided therein. For the grounds stated in this memorandum opinion, plaintiffs' motion for attorney fees will be denied, and defendants' partial motion for dismissal and attorney fees will be granted in part and denied in part.

I.

*Applicable Legal Standards*

The Federal Rules of Civil Procedure authorize dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, "a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting Fed. R. Civ. P. 8(a)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citing and quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007)).

II.

*Background*

Defendant Knoxville [sic] Community Development Corporation ("KCDC") is a housing and redevelopment authority of defendant City of Knoxville, Tennessee.[1] Plaintiffs Cityview at Riverwalk, LLC and Focus Development, Inc. are identified in the complaint as affiliated entities sharing some common ownership. Although every party in this case was not a signatory to every document now at issue, for ease of reference the court

---

[1] KCDC's actual name is "Knoxville's Community Development Corporation."

will herein simply employ the terms "plaintiffs," "defendants," and "the parties."

Under a Development and Financing Agreement ("TIF Agreement"), plaintiffs contracted to be the developer of defendants' Old Knoxville Glove Factory Redevelopment and Urban Renewal Plan ("the Plan"). The TIF Agreement required plaintiffs to obtain one or more performance bonds. However, by further agreement of the parties, plaintiffs instead provided an irrevocable letter of credit.

The parties also executed a Performance and Indemnity Agreement ("P&I Agreement"). That contract in material part set forth specific conditions of default, notice, and cure.

The defendants eventually terminated plaintiffs as developer of the Plan. According to the complaint, that termination resulted from defendants' breach of the P&I Agreement's default, notice, and cure provisions. The complaint further alleges that defendants wrongfully drew upon, and then misapplied, the full face amount of the letter of credit.

III.

*Analysis*

The complaint contains seven counts, two of which are labeled "Count VI." By their partial motion to dismiss, defendants argue that only Count V states a claim upon which relief can be granted. Among the theories raised by the defense are standing and

3

statute of limitations issues under Chapter 5 of the Uniform Commercial Code ("UCC"). *See* Tenn. Code Ann. §§ 47-5-101-118. If successful on UCC grounds, defendants further argue that they will be due attorney fees as a "prevailing party." *See* Tenn. Code Ann. § 47-5-111(e). Conversely, plaintiffs contend that *they* are entitled to attorney fees for having to respond to a "patently frivolous motion to dismiss."

A. Count III

Before turning to the issues discussed immediately above, the court will address Count III of the complaint. That count is captioned "Conversion" but additionally seeks damages for defendants' purported violation of a state criminal statute. *See* Tenn. Code. Ann. § 39-14-103(a) ("A person commits theft of property if, with intent to deprive the owner of property, the person knowingly obtains or exercises control over the property without the owner's effective consent."). Plaintiffs offer no explanation how the defendants can be found civilly liable to them for violating a state theft statute. The claim is frivolous and warrants no further attention from the court.

As for the conversion claim, plaintiffs' complaint does not state that this count is brought under Tennessee's Governmental Tort Liability Act ("GTLA"), "but such Act is the only authority for this action . . . , hence it must be considered the basis of this action." *Gentry v. Cookeville Gen. Hosp.*, 734 S.W.2d 337, 339 (Tenn. Ct. App. 1987). The GTLA provides that, with limited exceptions set forth at sections 29-20-202 through 205, "all governmental entities shall be immune from suit for any injury which may result from the

4

activities of such governmental entities . . . engaged in the exercise and discharge of any of their functions, governmental or proprietary." Tenn. Code Ann. § 29-20-201(a).[2] Section 29-20-205 of the GTLA lists a number of torts, both negligent and intentional, for which immunity is not waived. Conversion is not on that list.

The defendants are therefore potentially subject to suit for conversion, but that is not the end of the story. A claim against a governmental entity under § 29-20-205

> must overtly allege that the tort was committed by an employee or employees of the governmental entity within the scope of his or their employment. A complaint which does not so state does not state a claim for which relief can be granted because the action is not alleged to be within the class of cases excepted by the statute from governmental immunity.

*Gentry*, 734 S.W.2d at 339. The court has reviewed plaintiffs' complaint and is satisfied that Count III should be dismissed due to plaintiffs' failure to state a claim upon which relief can be granted. The complaint does not "overtly allege that the tort was committed by an employee or employees of the governmental entity within the scope of his or their employment." *Id.* Accordingly, the complaint "does not state a claim for which relief can be granted because the action is not alleged to be within the class of cases excepted by the statute from governmental immunity." *Id.*

---

[2] The defendants are "governmental entities" for purposes of the GTLA. *See* Tenn. Code Ann. § 29-20-102(3)(A).

B. UCC Chapter 5

The defendants argue that all counts other than Count V are merely a suit on the letter of credit, for which the plaintiffs lack standing under the UCC and for which the UCC's one-year statute of limitations has run. The defendants are incorrect.

Each of the disputed counts mentions the letter of credit. It is, however, apparent from a reading of those counts and the complaint as a whole that the plaintiffs are ultimately suing for breach of the underlying P&I Agreement. While Chapter 5 of the UCC could arguably bar suit by the plaintiffs on the letter of credit, Chapter 5 "does not address claims respecting the underlying contract." *Demczyk v. Mut. Life Ins. Co. of N.Y. (In re Graham Square, Inc.*), 126 F.3d 823, 827-28 (6th Cir. 1997). "It is one thing to attempt to prevent the distribution of the proceeds of a letter of credit, an attempt the doctrine of independence is designed to prevent; but it is quite another to bring an action on the underlying contract that created the letter of credit." *Id.* at 829. "Rights and obligations of an issuer to a beneficiary or a nominated person under a letter of credit are independent of the existence, performance, or nonperformance of a contract or arrangement out of which the letter of credit arises or which underlies it . . . ." Tenn. Code Ann. § 47-5-103(d).

This is not a suit on the letter of credit. This is a suit on the P&I Agreement. Therefore, with the exception of the dismissal of Count III as addressed above, defendants' partial motion to dismiss will be denied. Further, because the defendants are not entitled to dismissal under Chapter 5 of the UCC, their claim for attorney fees similarly fails.

C. <u>Plaintiffs' Motion for Attorney Fees</u>

Plaintiffs' attorney fee motion does not explain the purported basis for that request. Instead, the filing directs the court to plaintiff's dispositive motion response "for their arguments that form the basis of the instant Motion." Turning then to plaintiffs' dispositive motion briefing, one finds the argument that this court can bypass Rule 11 of the Federal Rules of Civil Procedure and instead sanction the defense under the court's inherent powers. Plaintiffs accuse the defendants of acting "vexatiously" and "for oppressive reasons" by filing the motion for partial dismissal in an attempt to "obfuscate a straightforward breach of contract dispute . . . ."

The court will first note the obvious - the defendants have been partially successful with their motion to dismiss. The instant complaint in part seeks damages from a governmental entity for that entity's alleged violation *of a criminal statute*. The instant complaint seeks damages in tort but did not satisfy the GTLA's pleading requirements. It should therefore come as no surprise to the plaintiffs that their complaint was responded to in the form of a motion to dismiss.

It is next noted that the court's inherent powers "must be exercised with restraint and discretion." *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991). When there is alleged bad-faith conduct that can adequately be addressed by Rule 11, the court and the parties should ordinarily rely on that rule instead of the court's inherent powers. *See id.* at 50. Plaintiffs' theory - that the instant motion to dismiss is frivolous and has been filed

7

for an improper purpose - is well-covered by Rule 11. The facts of the present case do not *approach* the persistent and egregious conduct found in *Chambers* and the other case relied on by plaintiffs, *Stalley v. Mountain States Health Alliance*, Nos. 2:06-CV-216, 2:06-CV-217, 2008 WL 5459750 (E.D. Tenn. Sept. 23, 2008). Plaintiffs' request for attorney fees under the court's inherent powers will be denied.

Next, even if the court were to construe plaintiffs' request as a Rule 11 motion, plaintiffs did not comply with the safe harbor provision of Rule 11(c)(2). For that additional reason, the motion would be denied. *See, e.g., First Bank of Marietta v. Hartford Underwriters Ins.*, 307 F.3d 501, 510-11 (6th Cir. 2002)

Lastly, the court notes plaintiffs' alternative theory that they are entitled to attorney fees as a "prevailing party" under paragraph 35 of the TIF Agreement. That paragraph states, "The prevailing party in any action commenced due to a breach of this Agreement shall be entitled to receive from the other party reasonable attorneys' fees and court cost incurred in such action." Plaintiffs's argument is without merit. This litigation has not concluded, and neither the plaintiffs nor the defendants have attained "prevailing party" status at this time.

An order consistent with this opinion will be entered.

ENTER:

                                              s/ Leon Jordan
                                         United States District Judge